**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MORE, | No. 19-16808 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00626-DGC-CDB |
| v. | |
| LAURENCE ENDE, Nurse Practitioner at Lewis/Bachman, individual/official; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| CHARLES L. RYAN, Director, A.D.O.C. at Central Office, individual/official; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted January 20, 2021**

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Former Arizona state prisoner Michael More appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendants because More failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in responding to his chest pain and defibrillator issues. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory liability under § 1983 requires "knowledge of and acquiescence in unconstitutional conduct" by subordinates).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-16808